UNITED STATES DISTRICT COURT

District of Arizona

FILED _____ LODGED
RECEIVED _____ COPY

MAR - 1 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Donald Joseph Jones, III
            Plaintiff,


        vs.                        CV 22-00337-TUC-RCC

                                   Motion in Opposition to

                                   Motion to Dismiss


United States, et al.
            Defendant,


THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE: _____
            (Rule Numbed/Section)

§ 1331 Federal Question

The Districts Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

History:

June 25, 1948, ch 646, 62 Stat. 930; July 25, 1958, P.L. 85-554, § 1, 72 Stat. 415; Oct. 21, 1976, P.L. 94-574, § 2, 90 Stats.2721; Dec, 1, 1980, P.L. 96-486, § 2(a), 94 Stat. 2369

SUBJECT MATTER JURISDICTION:

The FTCA gives the District Court exclusive jurisdiction over civil actions " against the United States... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his / her office of employment. 28 U.S.C. § 1346(b)(1).

The Federal Tort Claims Act (FTCA), not the regulations, establishes the jurisdictional requirements for an FTCA action. The FTCA does not require an actual exhaustion of administrative remedies; 28 U.S.C. § 2675(a) merely requires that the claim be presented administratively and finally denied, and 28 U.S.C. § 2401(b) requires that the presentation be made within two years. The requirements of 28 U.S.C.S. § 2675 are met if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places places a value on his or her claim. The regulations contained in C.F.R. §§ 14.1-14.11 govern settlement proceedings; they do not set federal jurisdictional prerequisites. A claimant who fulfills the requirements of § 2675(a) but does not comply with the regulations merely loses the opportunity to settle outside the courts; her right to bring an action in District Court is not affected. Go To Headnote

Rogers v. United States, 568 F. Supp. (E.D.N.Y. 1983).

FEDERAL TORT CLAIMS ACT--ELEMENTS

Headnote: 2.

In 1946, Congress passed the Federal Tort Claims Act (FTCA), which waives the sovereign immunityof the United States for certain torts committed by federal employees acting within the scope of their employment. The Act in effect ended the private bill system by transferring most tort claims to the Federal Courts Plaintiff's were (and are) required to bring claims under the FTCA in Federal District Court. Federal District Courts have jurisdiction over these claims if they are actionable under 28 U.S.C. § 1346(b). A claim is actionable if it alleges the six elements if § 1346(b), which are that the claim be: (1) against the United States. ||2) for money damages, (3) for injury loss or loss of property, or personal injury or death (4) caused by the negligent or wrongful act or omission of any employee of the Government, (5) while acting within the scope of his / her office of employment, (6) under the circumstances where the United States, if a private person would be liable to claimant in accordance wuth the law3 of the place where the act or omission occurred.

FEDERAL TORT CLAIMS ACT-- ALLEGATIONS

Headnote:2.

In most cases, a plaintiff;s failure to state a claim under Fed. R. Civ. P. 12 ||b)(6) does not deprive a federal court of subject matter jurisdiction. Dismissal for lack of  subject matter jurisdiction is proper only when the claim is so completely devoid of merit as not to involve a federal controversy However a plaintiff must plausibly allege all jurisdictional elements. And in the unique context of the Federal Tort Claims ACt ||FTCA), all elements of a meritorious claim are also jurisdictional. So even though a plaintiff need not prove a 28 U.S.C. § 1346(b)(1) jurisdictional element for a court to maintain subject matter jurisdiction over his claim, a plaintiff must plausibly allege all the six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim. That means the plaintiff must plausibly allege that the United States, if a private person, would be liable to the claimant under state law both to to survi||e a merits determination under Rule 12(b)(6) and to establish subject matter jurisdiction. § 1346(b)(1). [209 L. Ed. 2d 36]

Brownback v. King 141 S. Ct 740; 209 L. Ed. 2d 33

FEDERAL RULES OF CIVIL PROCEDURE--DISMISSAL

Headnote: 3.

In cases where a plaintiff fails to plausibly allege an element that is both a merit element of a claim and a jurisdictional element , the District Court may dismiss the claim under Fed. R. Civ. P. 12(b)(1) or Rule 12(b)(6). Or both. The label does not change the lack of **subject-matter jurisdiction.** and the claim fails on the merits because it does not stste a claim upon which relief can be granted.

My claim states directly that Elements are Plausibly stated

(1) My claim in against the United States

(2) for a specified sum

(3) For PERSONAL INJURY

(4) Caused by negligent actions

(5) By  employees acting within scope of their office

(6) Under circumstances that if United states was a private citizen they would be laible.

This is a Motion in Opposition to the Governments Motion to Dismiss

I Donald Jones III the movant/Propounding party Object to the Governments

response to the 3 Counts that I have presented on this claim


Background facts

In Nov. 2020 three people on our unit became infected with the Covid-19 virus
The powers that be decided to move all the rest of the unit, and not the sick
although they had plenty of room to unit B-2 which had been a hot unit for a
while. They had us go outside and moved the inmates on the unit into B-1 and
when they were done they moved us into B-2.  Unknown to us they did not clean
sanitize or disinfect the unit. Nor did they give us time to do same prior to
putting us in the cells. Eventually all of us became infected and ended up
back in B-1. Where we found out that the mattresses we were using had been in
the cells of the infected and they did not exercise DUE CARE in trying to at
a bare minimum to mitigate the spread of covid throughout the institution and
ensure the population of inmates the best chance of staying safe and secure
in spite of the casualties that we had experienced at this facility. We felt
that our health and safety would be more important to the people who are in
charge of our well being. I have statements saying that what medical said on
finding and noticing that I had some issues going on was false. The person at
the forefront who saved my life was the cell mate I had Mr. Corey Morehouse
he noticed I was not looking or feeling well and he leaned on the emergency
buzzer until Medical came in. But i'm getting ahead of myself, We all tested
positive and ended ull back in B-1 where I originally started, here I experie-
nced the most severe of the symptoms. Loss of Taste and Smell, and Renal Fai-
lure. On Dec 13 I went to Medical because I could not drink or eat and was
diagnosed as dehydration, the funny thing is when you are going through renal
failure your body will not allow you to consume the liquids that it can't get

expelled. I was given an IV and my mouth was rinsed out and I was give 2 ensures (protein shakes). No one tried to figure out why I was dehydrating in a cell when there is 70 degree air blowing over me. Two days later my cell mate again laid into the buzzer because he said I looked jaundiced and he could notice it in the pallor of my skin. When Medical came down and saw me they took me to the clinic and determined that they needed to do something, I was taken by (TFR) Tucson Fire Rescue to (TMC)Tucson Medical Center where I went under the knife to to prepare me to become hemodialysis capable, I went through multiple dialysis sessions, recovered enough not to need the machine as of yet, my kidneys are still failing sooner or later i'm going to cross taht bar and i'm going to need a new kidney. All medications and Labs covered I do not intend on expiring from this.

Defendant moves to Dismiss the Plaintiff's FTCA claims pursuant to Federal Rules of 12(b)(1). I intend to show that there was a Duty owed a Jailer Prisoner special relationship. That Due Care was not maintained and that during that Breach of Duty I incurred this exposure to COVID-19 and other health care issues.

Duty is Discretionary if it involves judgement, planning or policy decisions and it is not discretionary if it involves enforcement or administration of mandatory duty at the operational level, even if professional expert evaluation is required.

Jackson v. Kelly, 557 F. 2d 735(10th Cir. 1977),disapproved, United States v. Smith 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed. 2d 134, 91 Cal. Daily Op. Service 1976, 91 D.A.R. 3277(1991)

Discretionary Function Exception of 28 U.S.C.S.§does not insulate government for all mistakes of judgement of its agents or for all decisions involving exercise of some discretion, and decision made at operational level is not immunized.

Stewartv. United States, 486 F. Supp. 178 (C.D. III. 1980)

Discretionary function exception to Federal Tort Claims Act (28 USCS §§ et seq.) will not apply when Federal Statute, regulation, or policy specifically prescribes a course of action for employee to follow, and will not bar suit which charges Federal Agency with failing to act in accordance with specific mandatory directive

Berkovvitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L. Ed. 2d 531 (1988)

Jurisprudence of Federal Tort Claims Act, 28 USCS §§ 1346(b), 2671 et seq., permits the courts toclassify actions as non-discretionary only if federal statute, regulation, or policy specifically instructs officials to follow a specified course of action.  United States v. JG-24, Inc., 309 F. Supp. 2d 230, 58 Env't Rep.Cas. (BNA)1743(D.P.R. 2004)

DUTY OF CARE:

Under Arizona Law, the general rule of liability for an owner or occupier to business invitees require one 'to discover and correct or warn of hazards which the possessor should reasonably forsee as endangering an invitee. "Robertson v. Sixpence Inns of Am., Inc., 163 Ariz. 539, 544, 789 P. 2d 1040 (1990) (en banc) (Quoting Markowitz v. Az. Parks Bd., 146 Ariz. 352, 355, 706 P.2d 364 (1990); see also Revised Arizona Jury Instruction(civil), 6th: Premises Liability 1:Notice of Unreasonable Dangerous Cond.


The relationship between Jailer and Prisoner ia also recognized as a special relationship giving rise to a duty. see Bloxham v. Glock |Inc., 203 Ariz, 2711, 274, 53 P.3d 196 (Ct. App. 2002)


The duty to protect between a jailer and prisoner is informed by a state or federal statute reflecting 'public policy'which 'may create a duty when a plaintiff is within the class of persons to be protected by the statute and the harm that occurred...is the risk that the statute sought to protect against" Quiroz v. ALCOA Inc., 243 Ariz. 560, 565, 416 P. 3d 824(2018) |quoting Gipson, 214 Ariz. at 146). The Federal Statute 18 U.S.C. 4042(a), states that the B.O.P. shall provide suitable quarters and to provide for the safe keeping , care, and subsistence of all persons charged with or convicted of crime or offensec against the United States, or held as witnesses or otherwise, and provide for the protection ... of all persons charged with or convicted of offenses against the United States. 18 U.S.C. §§4042(a)(2)-(3).

Breach Of Duty:

The generasl test for whether a defendants conduct breached the standardof care is whether a foreseeab le risk of injuryexistedas a result of defendant's conduct

|It was therefore unreasonable to move a unit full of people who had constantly tested negative for the covid-19 virus to a unit that had full blown exposureand massive infections.The only other way to see this would be if they were trying to get a herd immunity going and we were hearing about that from a lot of the staff. They were giving them the same finger read and temperature checks they were giving us and it did not tell if you had covid -19

Not cleaning and sanitizing cells before placing inmates in them was reckless and exposed a lot of the inmte population to exposure they had avoided for such a long time. |I was in my cell from July to Nov 2020 had tested negative every time until they moved us into a unit that had been a hot unit, and move the rest of the hot unit into B-1.

Program Statement    OP|I: HSD/SAF Number 1600.13 Cn-1 Date 11/9/2017 Altered or damaged mattresses must be removed.

CONCLUSIONS OF LAW:

1) Plaintiff asserts a cause of action under the FTCA that defendant was negligent because it failed to warn plaintiff of the status of the cells that the institution was mo||ing the inmates into, thus denying the inmates the chance to be free from infection and having the opportunity to clean, sanitize and disinfect the cells prior to occupying the space. Not cleaning, sanitizing, and or disinfecting the cells was a Duty owed to mitigate the spread of a deadly disease which had already claimed multiple li||es.

2) No FTCA exception bars Plaintiffs Failure to warn claim.

3) In an action brought pursuant to the FTCA 28 U.S.C. § 2671 et seq. the law of the place where the allegedly negligent act occurred governs the substantive law applied. See 28 U.S.C. § 1346(b).

4) In this case Arizona Law applies because all of the acts or ommissions alleged in Plaintiffs Complaint took place in Arizona.

5) To have a cognizable complaint under FTCA the claim must arise from a negligent or wrongful acts of a government employee acting within the scope of his or her  employment "under circumstances where the United States" if a priv- citizen would be liable to the claimant in accordance with the Law of the place the act or ommission occurred. 28 U.S.C. § 1346(b)

Dalehite v. United States 346 U.S. 15, 1 73 S.Ct. 956, 97 L. Ed 1427(1953)

6) Under the FTCA the United States is liable in the same manner and to the same extent as a private individual under like circumstances.

7) If a Duty imposed by 18 U.S.C. § 4042(a) is imposed , the prisoner remedy is an action against the United States, under the FTCA.
United States v. Muniz 374 U.S. 150   s. Ct. 1850, 10 L. Ed 2d 805(1963)

8) Duty is an obligation that is recognized by law. Based on the special relat- between the Defendant and the Plaintiff as Jailer and Prisoner. Defendant owed a duty to the Plaintiff.  (Whether a duty exist as a matter of law is for the court to decide).

9)  Negligence:
For the purpose of discretionary function exception of Federal Tort Claims Act (28 U.S.C. § 2680(a), fact that negligence may have occurredin connect- ion with discretionary function does not make negligence a discretionary function; nnor does discretionary carachter of governments initial safety undertakings govern whether duty can arise out of those undertakings.
Aretz v. United States, 616 F. 2d 417 (5th Cir. 1979), review or reh'g gra- 616 F. 2d 254 (5th Cir. 1980)

10)  Discretionary function exception to Federal Tort Claims Act (28 U.S.C. §§ 2671 et seq.) applies to conduct that involves permissable exercise of policy judgement by Federal employees, and does not preclude liability for any and all acts rising out of regulatory programs of federal agencies, in in view of language of exception, which "protects discretionary" rather than regulatory functions", legislatille history of exception, which demonstrate that Congress intended exception to apply to discretionary acts of Regulators

rather than the regulatory acts, and the United States Supreme Court's prior rejections of variants of contrary argument.

Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L. Ed 2d, (1988).

CAUSATION:

Plaintiff requests that the Court apply the "loss of chance"

doctrine, which provides that:

One who undertakes... to render services to another which he
should recognize as necessary for the protection of the other's
person or things, is subject to liability to the other for physi-
cal harm resulting from his failure to exercise reasonable care
to perform his undertaking, if (a) his failure to exercise such
care increases the risk of such harm...Thompson v. Sun City Cmty.
Hosp., Inc., 141 Ariz. 597, 608, 688 P.2d 605 (1984) (quoting
Restatement (Second) of Torts § 323).

In Thompson, the Arizona Supreme Court held that "even if the
evidence permits only a finding that the defendant's negligence
increased the risk of harm, "the jury could still decide whether
there is a probability that the defendant's negligence was a
cause in fact of the plaintiff's injury. 141 Ariz. at 606.
The Court held, therefore,
that becuse of the  chance of interest was within the range of
the duty breached by defendant and the harm which followed was
the type from which the defendant was to have protected the plai-
ntiff, the jury may be allowed to consider the increase in the
chance of harm on the issue of causation. If the  jury finds that
the defendants  failure to exercise reasonable care increased the
risk of harm he undertook to prevent, it may from this fact find
a "probability" that defendant's negligence was the cause of the
damage.. Id

The Thompson Court made clear, however, that this lowered thresho
ld to reach a jury on causation applied only to "the limited
class of cases in which defendant undertook to protect plaintiff
from a particular harm and negligently interrupted the chain of
events, thus increasing the risk of that harm. "141 Ariz. at 608.